UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

S.B., individually and on behalf of T.B., a child with disability,

      *Plaintiff*,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION,

      *Defendant.*

**COMPLAINT**

Case No.

---

S.B., individually and on behalf of T.B., a child with a disability, by and through her attorneys, CUDDY LAW FIRM, PLLC, for the complaint hereby alleges:

1. This is an action brought pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3).

2. Plaintiff S.B. and T.B. reside in Bronx County, State of New York.

3. T.B. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401(3)(A).

4. S.B. is the parent of T.B. as defined by IDEA, 20 U.S.C. § 1401(23).

5. Defendant, New York City Department of Education, is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.*, and the regulations promulgated thereunder.

**JURISDICTION AND VENUE**

6. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the

fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

7. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the Defendant at the Defendant's principal office located at 52 Chambers Street, New York, NY 10007, and upon 28 U.S.C. § 1391(b)(2) based upon the location of the subject matter of this action.

## FACTUAL BACKGROUND

8. T.B. was born in 2014.

9. T.B. has been classified as a student with autism by Defendant's Committee on Special Education.

10. By due process complaint (DPC) to the Defendant dated April 28, 2022, Plaintiff requested a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

11. The matter was assigned case number 226073.

12. Plaintiff's DPC demanded, *inter alia,* a finding that Defendant did not provide T.B. with a free appropriate public education (FAPE) pursuant to IDEA, during the 2020-2021 and 2021-2022 school year.

13. As relief, Plaintiff's DPC requested, among other things, that Gersh Academy is an appropriate placement, the Department reimburse the Parent and/or make direct payment to the Gersh Academy for the Student's tuition and related costs, the Department fund the cost of an independent neuropsychological evaluation, the Department conduct an occupational therapy evaluation within fifteen days of receipt of order, the Department conducted a speech-language evaluation within fifteen days of receipt of order, the Department conduct a physical therapy

evaluation within fifteen days of receipt of order, if the Department cannot find an evaluator then authorize the Parent to find an evaluator at their normal and customary rate, compensatory academic instruction, and make-up related services.

14. The Defendant filed a Due Process Response on May 6, 2022, in response to Plaintiff's Due Process Complaint.

15. The Defendant appointed Michele Host as impartial hearing officer (IHO).

16. On June 10, 2022, IHO Host issued a subpoena on the Defendant to provide encounter attendance records and session notes for occupational therapy, speech-therapy, progress reports, report cards, all for the 2020-2021 school year, and any and all evaluations conducted on the Student for the 2019-202, 2020-2021, and 2021-2022 school years.

17. The Defendant did not hold the required resolution meeting.

18. IHO Host held a pre-hearing conference on June 9, 2022, to discuss the Plaintiff's DPC.

19. IHO Host held a hearing on the merits on June 30, 2022, during which, Defendant made an opening statement, entered four (4) exhibits into the record and did not call any witnesses. Plaintiff made an opening statement and entered fifty (50) exhibits into the record including testimonial affidavits from two witnesses in support of her case.

20. On July 12, 2022, IHO Host issued a Findings of Fact and Decision (FOFD) finding a denial of FAPE by the Defendant and ordering relief, including, the Defendant pay directly $64,897.50 to the Attending School for the Student's tuition and related costs for the period between January 4, 2021 and June 25, 2021, the Defendant pay directly to the Attending School $134,395.00 for the Student's tuition and related costs for the 2021-2022 school year, funding by Defendant for an independent neuropsychological evaluation in the amount of $6,000, the Defendant fund compensatory services in the amount of 770 hours of ABA therapy through a

provider of the Parent's choosing at a rate not to exceed $150, the Department provide 44 hours of compensatory physical therapy and if the Defendant cannot find a provider withing 15 days the Defendant will fund a provider of the Parent's choosing at a rate not to exceed $250, the Department provide 44 hours of compensatory occupational therapy and if the Defendant cannot find a provider withing 15 days the Defendant will fund a provider of the Parent's choosing at a rate not to exceed $250, the Department provide 66 hours of compensatory speech-language therapy and if the Defendant cannot find a provider withing 15 days the Defendant will fund a provider of the Parent's choosing at a rate not to exceed $250, the Defendant conduct a speech-language evaluation and if the Defendant cannot schedule the evaluation within 30 days of this order the Defendant will fund the evaluation through a provider of the Parent's choosing at a rate not to exceed $1,500, the Defendant conduct a physical therapy evaluation and if the Defendant cannot schedule the evaluation within 30 days of this order the Defendant will fund the evaluation through a provider of the Parent's choosing at a rate not to exceed $1,500, and the Defendant conduct an occupational therapy evaluation and if the Defendant cannot schedule the evaluation within 30 days of this order the Defendant will fund the evaluation through a provider of the Parent's choosing at a rate not to exceed $1,500.

21. On November 29, 2022, Plaintiff, through her counsel, submitted a demand for attorneys' fees for case number 226073 to Defendant's Office of Legal Services.

22. On December 5, 2022, Defendant advised Plaintiff's counsel via email that the fee demand for case number 226073 had been received and that attorney Armelle Hillman had been assigned to the fee claim.

23. As of this Complaint's date, no further communication has been made by Defendant to Plaintiff's counsel to the fee demand for case No. 226073, thereby necessitating the instant action.

## FIRST CAUSE OF ACTION

24. Plaintiff repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff S.B. having prevailed in the underlying proceedings hereby seeks reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

26. Plaintiff S.B. initiated an impartial hearing on behalf of her son T.B. under case number 226073.

27. Plaintiff S.B. prevailed at the impartial hearing by obtaining a decision and order from IHO Host ordering the relief sought by Plaintiff in her DPC.

28. On November 29, 2022, Plaintiff, through her counsel, submitted a demand for attorney's fees to Defendant's Office of Legal Services.

29. After acknowledging the fee demand and assigning a settlement attorney to the demand, there was no attempt to negotiate settlement by the Defendant.

30. Pursuant to 28 U.S.C. § 1961, Plaintiff seeks postjudgment interest to deter any further delay of payment by Defendant following any judgment for attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Assume jurisdiction over this action;

(2) Award to the Plaintiff costs, expenses and attorneys' fees for the administrative proceeding in case number 226073 pursuant to 20 U.S.C. § 1415; together with postjudgment interest thereupon;

(3) Award to the Plaintiff the costs, expenses and attorneys' fees for this action pursuant to 20 U.S.C. § 1415; together with postjudgment interest thereupon;

(4) Grant such other and further relief as the Court deems just and proper.

Dated: Auburn, New York
      May 11, 2023                                     Respectfully submitted,

                                                         s/ Kevin M. Mendillo
                                                         CUDDY LAW FIRM, PLLC
                                                         Kevin M. Mendillo
                                                         *Attorneys for Plaintiffs*
                                                         5693 South Street Road
                                                         Auburn, New York 13021
                                                         (315) 370-4020