UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

S.B., *individually and on behalf of T.B., a child with a disability*,

                              Plaintiff,

                    -v-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                              Defendant.

23 Civ. 3961 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

This decision resolves plaintiff S.B.'s motion for attorneys' fees and costs incurred in connection with an action brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*[1]  S.B. requests attorneys' fees and costs, totaling $55,284.85, plus interest, from defendant New York City Department of Education (the "DOE"), covering both the underlying administrative proceedings and this action.  For the reasons below, the Court grants the motion for fees and costs, but in sums below those sought.

I.    **Background**[2]

    A.    **Facts**

        1.    **The Underlying Administrative Action**

On April 28, 2022, S.B., on behalf of her minor son, T.B., by and through counsel at the Cuddy Law Firm, filed a due process complaint ("DPC") against the DOE.  Murray Decl., Ex. 1

---

[1] The Individuals with Disabilities Education Improvement Act, Pub. L. No. 108–46, 118 Stat. 2647 (2004), reauthorized (and amended) the IDEA.  This opinion refers to the updated version of the statute as the IDEA.

[2] The facts which form the basis of this decision are taken from the parties' pleadings and their submissions in support of and in opposition to the instant motion—specifically, the declarations

("DPC") at 1. T.B. has autism, a neurodevelopmental disorder marked by impaired social and communicative skills, "engagement in repetitive activities and stereotyped movements, resistance to environmental change or change in daily routines, and unusual responses to sensory experiences." 34 C.F.R. § 300.8(c)(1)(i). S.B. and T.B. reside in Brooklyn, New York. DPC at 1.

In her DPC, S.B. alleged that the DOE had failed to provide T.B. with a free appropriate public education ("FAPE") for the 2020–2021 and 2021–2022 school years. *Id.* S.B. argued that the DOE had failed, *inter alia*, "to provide [T.B.] with an appropriate program and placement" in conformance with his October 2017 neurology evaluation, "to respond to [S.B.'s] request for an independent evaluation," "to evaluate [T.B.] in all areas of suspected disability," and "to provide [T.B.] with physical therapy" and other "related services" as mandated by his individualized educational program ("IEP"). *Id.* at 4–6. S.B. argued that these deficiencies rose to a level that she was justified in unilaterally enrolling T.B. in Gersh Academy, a specialized private high school for students with autism, in July 2021. *Id.* at 3. As relief, S.B. sought (1) a finding that the DOE had denied T.B. a FAPE for the 2020–2021 and 2021–2022 school years, (2) a finding that the Gersh Academy was an appropriate placement for the student for the two school years,

---

in support of the motion, plus attached exhibits, of Barbara J. Ebenstein, Dkt. 18 ("Ebenstein Decl."), Matthew J. Delforte, Dkt. 19 ("Delforte Decl."), Benjamin M. Kopp, Dkt. 20 ("Kopp Decl."), Kevin M. Mendillo, Dkt. 21 ("Mendillo Decl."), Erin Murray, Dkt. 22 ("Murray Decl."), and Andrew K. Cuddy, Dkt. 23 ("Cuddy Decl."); the declarations in opposition to the motion, plus attached exhibits, of Emily R. Goldman, Dkt. 26 ("Goldman Decl."), Armelle Hillman, Dkt. 27 ("Hillman Decl."), Lauren Howland, Dkt. 28 ("Howland Decl."), Marina Moraru, Dkt. 29 ("Moraru Decl."), Martha Nimmer, Dkt. 30 ("Nimmer Decl."); the declarations in further support of the motion, plus attached exhibits, of Erin Murray, Dkt. 32 ("Murray Reply Decl."), Kevin M. Mendillo, Dkt. 33 ("Mendillo Reply Decl."), and Andrew K. Cuddy, Dkt. 34 ("Cuddy Reply Decl."); and the declaration in further opposition of the motion, plus attached exhibits, of Martha Nimmer, Dkt. 38 ("Nimmer Surreply Decl."). For exhibits with both internal and Bates-stamped numbering, the Court cites the Bates-stamped page numbers.

(3) an order requiring the DOE to reimburse S.B. for expenses related to T.B.'s attendance at Gersh Academy, (4) an order requiring the DOE to fund various evaluations of T.B. for use in revising T.B.'s IEP, and (5) compensatory education services to remedy DOE's failure to provide S.B. with a FAPE. *Id.* at 7–8.

On June 30, 2022, Impartial Hearing Officer ("IHO") Michele Host presided over S.B.'s due process hearing. Murray Decl. ¶¶ 17, 24. S.B.'s lead counsel, Erin Murray, gave an opening statement, entered documentary evidence comprising 50 exhibits, and presented testimony from two witnesses—one via affidavit, and the other via affidavit supplemented by a brief direct examination lasting six transcript pages. Hillman Decl. ¶ 6; Murray Decl. ¶ 25. The DOE submitted four exhibits and did not present any witnesses; it briefly cross-examined S.B.'s witnesses for a cumulative length of four transcript pages. Hillman Decl. ¶ 6; Murray Decl. ¶ 24. Both parties gave opening and closing statements. Hillman Decl. ¶ 6; Murray Decl. ¶ 25.

On November 5, 2021, IHO Host issued her findings of fact and decision. *See* Murray Decl. ¶ 26; *see also id.*, Ex. 2 ("IHO Op."). She found that T.B. did not receive a FAPE for the 2020–2021 and 2021–2022 school years. IHO Op. at 16–18. Consistent with testimony offered by S.B., *see id.* at 19–20, IHO Host held that Gersh Academy was an appropriate placement for T.B., *id.* at 21, that S.B. was entitled to reimbursement for expenses related to T.B.'s attendance there, *id.* at 23–24, 29–30, and that T.B. was entitled to 924 hours of compensatory education services, provided at state expense, *id.* at 29. Neither party appealed IHO Host's order.

### 2.    S.B.'s Demand for Attorneys' Fees

On December 5, 2022, S.B. submitted to the DOE a demand for attorneys' fees and costs in the amount of $35,775.35. Hillman Decl. ¶ 9. On May 11, 2023, S.B. filed this action for attorneys' fees and costs, demanding $49,287.35. Cuddy Decl. ¶ 38. On August 9, 2023, the

DOE made a written offer of settlement in the amount of $20,500, which S.B. rejected. Moraru Decl. ¶ 21. On October 11, 2023, the DOE made an additional written offer of settlement in the amount of $21,501, which S.B. again rejected. *Id.*

### B.    Procedural History

On May 11, 2023, S.B. filed the Complaint. Dkt. 1. On January 12, 2024, S.B. filed a motion for attorneys' fees and costs, Dkt. 17, and a supporting memorandum of law, Dkt. 24 ("Pl. Br."). On February 12, 2024, the DOE filed its opposition. Dkt. 31 ("Def. Br."). On February 22, 2024, S.B. filed a reply. Dkt. 35 ("Pl. Reply Br."). On March 7, 2024, with the Court's permission, the DOE filed a surreply. Dkt. 38 ("Def. Surreply Br.").

## II.    Applicable Legal Standards

"The IDEA aims 'to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs.'" *A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 72 (2d Cir. 2005) (quoting 20 U.S.C. § 1400(d)(1)(A)). States that receive certain federal funds must "offer parents of a disabled student an array of procedural safeguards designed to help ensure the education of their child." *Polera v. Bd. of Educ.*, 288 F.3d 478, 482 (2d Cir. 2002). Parents are entitled to bring complaints regarding the "provision of a free appropriate public education" to their child, 20 U.S.C. § 1415(b)(6), and to have those complaints heard by an IHO, *see id.* § 1415(f)(1); N.Y. Educ. L. § 4404(1); *see also A.R.*, 407 F.3d at 72.

"In the United States, parties are ordinarily required to bear their own attorneys' fees— the prevailing party is not entitled to collect from the loser." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 602 (2001) (citation omitted). However, under the IDEA, if a parent of the child with a disability is the "prevailing party" in the

litigation, the district court has discretion to award the parent "reasonable attorneys' fees" and costs incurred. 20 U.S.C. § 1415(i)(3)(B)(i); *see also J.C. v. Reg'l Sch. Dist. 10*, 278 F.3d 119, 121 (2d Cir. 2002). The award may cover work performed before the IHO or in federal court. *See A.R.*, 407 F.3d at 84 (affirming award of fees incurred during IHO proceedings and before district court). Prevailing parties are also entitled to reimbursement for the reasonable costs incurred in litigating an IDEA case. *See G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 443 (S.D.N.Y. 2012).

To determine the award and the amount of fees, the Court must engage in a two-step inquiry. First, the Court must determine whether the party seeking to enforce the fee-shifting provision is the "prevailing party." *Mr. L. v. Sloan*, 449 F.3d 405, 405–07 (2d Cir. 2006). If so, in calculating fees, the Court examines whether the fees are reasonable in light of the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court has the discretion to reduce the award if the fees or hours reported are excessive or misleading. *Id.* at 437.

### A.    Prevailing Party

To be a prevailing party under the IDEA, a plaintiff must achieve (1) "some material alteration of the legal relationship of the parties" that is (2) "judicially sanctioned." *A.R.*, 407 F.3d at 67 (cleaned up). A party who receives agency-ordered relief on the merits of their claim is a "prevailing party" for the purposes of IDEA. *Id.* at 75. A party need not recover on all of its claims in order to be considered the "prevailing party." *K.L. v. Warwick Valley Cent. Sch. Dist.*, No. 12 Civ. 6313 (DLC), 2013 WL 4766339, at *5 (S.D.N.Y. Sept. 5, 2013), *aff'd*, 584 Fed.

App'x 17 (2d Cir. 2014). However, "it must succeed on a significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Id.*

### B.   Calculation of Fees

The starting point for determining the presumptively reasonable fee award is the "lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The lodestar is not "conclusive in all circumstances," and may be adjusted when it fails to "adequately take into account a factor that may properly be considered in determining a reasonable fee." *Id.* at 167.

### 1.   Reasonable Hourly Rates

Under the IDEA's fee-shifting provision, the court determines a reasonable hourly rate "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). A reasonable rate is one a reasonable, paying-per-hour client would pay for the same services rendered. *K.F. v. N.Y.C. Dep't of Educ.*, 10 Civ. 5465 (PKC), 2011 WL 3586142, at *3 (S.D.N.Y. Aug. 10, 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)). The community used for purposes of IDEA fee-shifting litigation is the district in which the issue arose—specifically, where the student was denied a FAPE. *Id.* at *2. However, in determining reasonable hourly rates, it is also important to look to the area of legal practice at issue. That is because legal markets are today so interconnected that it is no longer meaningful,

6

in assessing a reasonable rate, to look at geographic location alone.  *See Arbor Hill*, 522 F.3d at

192.

In determining a reasonable rate, district courts are also to consider case-specific

variables known as the "*Johnson* factors."  These include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186–87.  "A district court need not recite and make separate findings as to all twelve

*Johnson* factors, provided that it takes each into account in setting the attorneys' fee award."

*E.F. v. N.Y.C. Dep't of Educ.*, No. 11 Civ. 5243 (GBD) (FM), 2014 WL 1092847, at *3

(S.D.N.Y. Mar. 17, 2014) (citation omitted).

### 2.    Reasonable Hours

Once a reasonable rate of pay has been calculated, it is multiplied by a reasonable number

of hours expended to determine the award amount.  The Court has the discretion to disregard

hours viewed as "excessive, redundant, or otherwise unnecessary."  *Bliven v. Hunt*, 579 F.3d

204, 213 (2d Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).  Furthermore, under the IDEA,

courts may "cap" an award of fees to only those incurred before a rejected settlement offer that

would have been more favorable than the relief finally obtained.  *See* 20 U.S.C.

§ 1415(i)(3)(D)(i).

### C.    Costs

A district court may also award reasonable costs to the prevailing party.  *Id.* §

1415(i)(3)(B)(i)(I).  The term "costs" includes costs incurred in connection with work yielding

fees covered by a fee award, as well as the specific types of costs set out in 28 U.S.C. § 1920, the

general provision governing the taxation of costs in federal court. *See, e.g.*, *Arlington Cent. Sch.

Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297–98 (2006); *G.B.*, 894 F. Supp. 2d at 443.

Commonly compensable costs include reasonable filing and process server costs. *See* 28 U.S.C.

§ 1920; *G.B.*, 894 F. Supp. 2d at 443.

## III.    Discussion

It is undisputed that S.B. prevailed in the underlying administrative proceeding. The sole

issue here is whether the fees and costs S.B. has requested are reasonable.

The Court begins by summarizing S.B.'s fee requests. The Court then determines the

reasonable hourly rates for the relevant timekeepers, a point on which the parties' views are far

apart. The Court finally addresses DOE's request for an across-the-board reduction in fees.

### A.    Overview of S.B.'s Fee and Cost Requests

As to both fees and costs, S.B. seeks compensation for work performed before the IHO,

and for work in this follow-on fees litigation.

As to the underlying administrative proceeding, S.B. seeks fees to reflect hours worked

by five attorneys (Andrew Cuddy, Michael Cuddy, Kevin Mendillo, Justin Coretti, and Erin

Murray) and three paralegals (Shobna Cuddy, Cailin O'Donnell, and ChinaAnn Reeve). Before

the IHO, Murray served as lead counsel. Murray Decl. ¶¶ 6–7. The fees S.B. seeks for the

administrative proceeding are summarized below:

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Andrew Cuddy (2022 rate) | $550.00 | 3.50 | $1,925.00 |
| Michael Cuddy | $550.00 | 2.00 | $1,100.00 |
| Kevin Mendillo (2022 rate) | $450.00 | 0.40 | $180.00 |
| Justin Coretti | $425.00 | 1.70 | $722.50 |

| | | | |
|---|---|---|---|
| Erin Murray (2022 rate) | $375.00 | 64.20 | $24,075.00 |
| *Total attorney fees* | | *71.80* | *$28,002.50* |

| Paralegal | Rate | Hours | Total |
|---|---|---|---|
| Shobna Cuddy | $225.00 | 4.00 | $900.00 |
| Cailin O'Donnell | $225.00 | 5.70 | $1,282.50 |
| ChinaAnn Reeve | $225.00 | 24.20 | $5,445.00 |
| *Total paralegal fees* | | *33.90* | *$7,627.50* |

The above figures are drawn from Cuddy Decl., Ex. 19.[3]  S.B. also seeks $145.35 in administrative costs for postage and printing.  In total, S.B. seeks $35,775.35 in fees and costs for the underlying administrative proceeding.

As to the fee award arising from litigation before this Court, S.B. seeks fees to reflect hours worked by five attorneys (Andrew Cuddy, Kevin Mendillo, Kenneth Bush, Benjamin Kopp, and Erin Murray) and four paralegals (Shobna Cuddy, Cailin O'Donnell, ChinaAnn Reeve, and David Coyle).  The fees S.B. seeks for the instant action are summarized below:

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Andrew Cuddy (2023 rate) | $600.00 | 3.30 | $1,980.00 |
| Kevin Mendillo (2023 rate) | $500.00 | 20.50 | $10,250.00 |
| Kenneth Bush | $425.00 | 1.60 | $680.00 |
| Benjamin Kopp | $425.00 | 10.10 | $4,292.50 |
| Erin Murray (2023 rate) | $400.00 | 1.50 | $600.00 |
| *Total attorney fees* | | *37.00* | *$17,802.50* |

| Paralegal | Rate | Hours | Total |
|---|---|---|---|
| Shobna Cuddy | $225.00 | 1.60 | $360.00 |
| Cailin O'Donnell | $225.00 | 0.70 | $157.50 |
| ChinaAnn Reeve | $225.00 | 2.30 | $517.50 |
| David Coyle | $225.00 | 0.10 | $22.50 |

---

[3] There are various inconsistencies between the billing records attached as an exhibit to Cuddy's declaration and the table in that declaration. *Compare, e.g.*, Cuddy Decl., Ex. 19 (proposing a billing rate for Mendillo of $450 per hour), *with* Cuddy Decl. ¶ 38 (proposing a billing rate for Mendillo of $500 per hour).  As such, the Court relies solely on the billing records.

| Kevin Mendillo[4] (paralegal rate) | $225.00 | 1.10 | $247.50 |
|---|---|---|---|
| *Total paralegal fees* | | *5.80* | *$1,305.00* |

The above figures are drawn from Cuddy Reply Decl. ¶ 15.  S.B. also seeks reimbursement for the federal filing fee of $402.  *Id.*  S.B. thus seeks $19,509.50 in fees and costs for litigating this case.

In sum, including the administrative proceedings and this action, S.B. seeks a total of $55,284.85.

**B.      Reasonable Rates**

The Court has considered all *Johnson* factors in its analysis for each timekeeper.  Its discussion here centers on the facts it has found determinative.

**1.      Analysis Applicable to All Timekeepers**

IDEA litigation is undoubtedly a specialized field in which attorneys seek to vindicate vitally important interests of children in need of special education.  S.B., however, has not produced any evidence that, relative to a typical single-plaintiff IDEA case, this case presented novel or complex legal or factual issues.

During the administrative proceeding, the IHO held only one hearing: the substantive due process hearing.  Hillman Decl. ¶¶ 5–6.  S.B. presented testimony from two witnesses, both primarily by affidavit; the DOE presented no witnesses, and cross-examined S.B.'s witnesses very briefly, spanning four transcript pages.  Hillman Decl. ¶ 6.  The DOE's four exhibits were T.B.'s IEP, a one-page classroom observation prepared by one of T.B.'s teachers, and the prior written notices provided by S.B.'s attorneys to the DOE.  IHO Dec. at 35.  And the core relief sought by S.B.—reimbursement for a unilateral placement and an award of compensatory

---

[4] Mendillo is a licensed attorney but billed certain administrative tasks under a paralegal rate.

education—is commonplace in IDEA proceedings. *See, e.g.*, *S.F. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 11147 (PAE), 2023 WL 4531187, at *5 (S.D.N.Y. July 13, 2023). This case, the Court finds, thus did not present complex legal or factual issues. *See, e.g.*, *J.R. v. N.Y.C. Dep't of Educ.*, No. 19 Civ. 11783 (RA), 2021 WL 3406370, at *4 (S.D.N.Y. Aug. 4, 2021), *aff'd sub nom.*, *H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120 (2d Cir. 2023). Nor is there any indication that, in taking on or pursuing this case, the Cuddy Law Firm was inhibited from taking on other work. These facts bear on the hourly rates reasonable here and the hours for which a fee award is warranted. *See H.A. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 10785 (PAE), 2022 WL 580772, at *5 (S.D.N.Y. Feb. 25, 2022).

For the purpose of assessing reasonable rates, the relevant community is the Southern District of New York, where both this litigation and the underlying administrative proceedings are centered. The relevant practice area is special education law, including IDEA litigation. "In recent years, the prevailing market rate for experienced, special-education attorneys in the New York area has been between $350 and $475 per hour." *S.F.*, 2023 WL 4531187, at *6 (cleaned up) (quoting *J.R.*, 2021 WL 3406370, at *3); *see also M.D. v. N.Y.C. Dep't of Educ.*, No. 17 Civ. 417 (JMF), 2018 WL 4386086, at *3 (S.D.N.Y. Sept. 14, 2018) (collecting cases). At the same time, however, "judges in this District have . . . recognized that the passage of time may justify somewhat higher rates for the same type of work performed by the same senior attorneys." *R.S. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 2257 (JPO), 2023 WL 6389118, at *2 (S.D.N.Y. Sept. 29, 2023). "Paralegals, depending on skills and experience, have generally garnered between $100 and $125 per hour in IDEA cases in this District." *J.R.*, 2021 WL 3406370, at *3 (citation

omitted); *see also R.G. v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 6851 (VEC), 2019 WL 4735050, at

*3 (S.D.N.Y. Sept. 26, 2019) (collecting cases).[5]

### 2.    Andrew Cuddy and Michael Cuddy

S.B. seeks an hourly rate of $550 for attorneys Andrew Cuddy and Michael Cuddy, with

a $50 rate increase for work billed in 2023.  The DOE argues that both attorneys' hourly rate

should be $375.  Def. Br. at 6.

Both attorneys are experienced in special education law.  Andrew Cuddy is a 1996 law

school graduate who has been litigating special education matters since 2001.  Cuddy Decl. ¶ 16.

He is president and managing attorney of the Cuddy Law Firm, which he founded upon his

graduation in 1996, and which has become "one of the largest private special education law firms

in the country," with six offices nationwide.  *Id.* ¶¶ 14–15.  Michael Cuddy is a 1988 law school

graduate who has been practicing special education law for more than 10 years.  *Id.* ¶ 19.

Courts in this District have recently issued awards assigning Andrew Cuddy an hourly

rate between $375 and $425 per hour, well below S.B.'s requested rate.  *See, e.g., N.G. v. N.Y.C.*

*Dep't of Educ.*, No. 21 Civ. 8488 (PGG) (JLC), 2024 WL 133615, at *4 (S.D.N.Y. Jan. 12,

2024) (awarding rate of $425); *V.W. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 6495 (PGG) (KHP),

2023 WL 2609358, at *12 (S.D.N.Y. Mar. 23, 2023) (same); *L.J. v. N.Y.C. Dep't of Educ.*, No.

20 Civ. 10672 (KPF), 2023 WL 5747465, at *9 (S.D.N.Y. Sept. 6, 2023) (awarding rate of

$400); *E.W. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 11208 (VEC) (GWG), 2023 WL 3138022, at

---

[5] For the reasons explained in this Court's recent decision in *J.G. v. N.Y.C. Dep't of Educ.*, No.
23 Civ. 959 (PAE), 2024 WL 728626 (S.D.N.Y. Feb. 22, 2024), the Court finds unpersuasive
Cuddy Law Firm's reliance, in defense of its claimed billing rates, on (1) the Real Rate Report
conducted by Wolters Kluwer; (2) the 2022 Litigation Hourly Rate Survey and Report conducted
by the National Association of Legal Fee Analysis; (3) the 50th Annual Survey of Law Firm
Economics; (4) the *Laffey* Matrix; and (5) rates and fees suggested by ChatGPT-4.  *See id.* at *6–
7.

*5 (S.D.N.Y. Apr. 28, 2023), *report and recommendation adopted as modified*, No. 21 Civ. 11208 (VEC) (GWG), 2023 WL 4883324 (S.D.N.Y. July 31, 2023) (awarding rate of $375). Michael Cuddy has been assigned similar rates. *See, e.g., J.G. v. N.Y.C. Dep't of Educ.*, No. 23 Civ. 959 (PAE), 2024 WL 728626 (S.D.N.Y. Feb. 22, 2024) (awarding rate of $400); *N.G.*, 2024 WL 133615, at *4 (awarding rate of $400); *H.A.*, 2022 WL 580772, at *9 (awarding rate of $375); *H.C. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 844 (JLC), 2021 WL 2471195, at *9 (S.D.N.Y. June 17, 2021), *aff'd*, 71 F.4th 120 (2d Cir. 2023) (awarding rate of $360). Because this matter was contested but only minimally, the Court finds an award in the middle of this range appropriate. Considering the case law, along with the *Johnson* factors, the Court finds a rate of $400 per hour for both attorneys reasonable.

### 3.    Kevin Mendillo

S.B. seeks an hourly rate of $450 for senior associate Kevin Mendillo, with a $50 rate increase for work billed in 2023. The DOE argues that the hourly rate for Mendillo should be $300. Def. Br. at 6.

Mendillo was admitted to practice law in New York in 2011 and has been litigating special education matters since 2014. Cuddy Decl. ¶ 18. Since then, he has represented parents in more than 100 due process hearings. *Id.* He serves as a supervisory attorney in the firm's Auburn, New York office, and managing attorney in its Ohio office. *Id.*

Recent awards by courts in this District have assigned Mendillo a lower rate than he seeks here. As DOE notes, these cases have set for Mendillo an hourly rate between $300 and $325 per hour. *See, e.g., N.G.*, 2024 WL 133615, at *4 (awarding rate of $300); *L.J.*, 2023 WL 5747465 at *9 (same); *H.W. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 8604 (JLR), 2023 WL 5529932, at *9 (S.D.N.Y. Aug. 28, 2023); *M.D. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 9180

(LGS), 2023 WL 2557408, at *3 (S.D.N.Y. Mar. 17, 2023) (awarding hourly rate of $325).  In

this case, Mendillo did negligible work on the underlying administrative action, billing only 0.4

hours; his primary billing activity occurred in this fees action (20.5 hours), albeit to limited

success (as discussed below).  Given his highly circumscribed role in the administrative action,

the Court finds an hourly rate of $310 for Mendillo reasonable.

### 4.    Justin Coretti and Kenneth Bush

S.B. seeks an hourly rate of $425 for mid-level associates Justin Coretti and Kenneth

Bush.  The DOE argues that the hourly rate for both should be $275.  Def. Br. at 6.

Coretti is a 2012 law school graduate who has been litigating special education matters

since 2015.  Cuddy Decl. ¶ 21.  Bush is a 2016 law school graduate who has been litigating

special education matters since 2016.  *Id.* ¶ 20.  Like Mendillo, Coretti played a very limited role

in the underlying administrative action in this case, billing only 1.7 hours; Bush did not bill at all

in the underlying administrative action, and instead billed only for the fees action.

S.B.'s proposed hourly rate far exceeds the range of rates courts in this District have

recently awarded for Coretti and Bush.  These have assigned Coretti an hourly rate between $300

and $325.  *See, e.g.*, *N.G.*, 2024 WL 133615, at *4 (awarding rate of $300); *M.Z. v. N.Y.C. Dep't

of Educ.*, No. 21 Civ. 9451 (AT), 2023 WL 2499964, at *5 (S.D.N.Y. Mar. 14, 2023) (same);

*V.W.*, 2023 WL 2609358, at *9 (awarding rate of $325).  Bush has been assigned an hourly rate

between $225 and $250.  *See, e.g.*, *K.O. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 10277 (LJL), 2022

WL 1689760, at *8 (S.D.N.Y. May 26, 2022) (awarding rate of $250); *N.G.B. v. N.Y.C. Dep't of

Educ.*, No. 20 Civ. 6571 (JGK), 2022 WL 800855, at *4 (S.D.N.Y. Mar. 16, 2022) (awarding

rate of $225); *S.H. v. N.Y.C. Dep't of Educ.*, No. 21-CV-4967 (LJL), 2022 WL 254070, at *6

(S.D.N.Y. Jan. 26, 2022) (awarding rate of $250).  In light of both attorneys' minimal role in the

administrative action, with Bush not participating there at all, the Court finds an hourly rate of $300 appropriate for Coretti, and $225 appropriate for Bush.

### 5.    Erin Murray

S.B. seeks an hourly rate of $375 for junior associate Erin Murray. The DOE argues that the hourly rate for Murray should be $200. Def. Br. at 6.

Murray is a 2019 law school graduate who has been litigating special education matters since 2020. Cuddy Decl. ¶ 17. Murray was S.B.'s lead counsel and billed the bulk of the total attorney hours in the underlying administrative action (64.2 hours out of 71.7 total).

In other cases, courts have assigned hourly rates to Murray befitting a junior associate of between $200 and $250. *See, e.g., J.G.,* 2024 WL 728626, at *9 (awarding rate of $250); *N.G.,* 2024 WL 133615, at *4 (awarding rate of $200); *M.Z.,* 2023 WL 2499964, at *5 (same); *L.M. v. N.Y.C. Dep't of Educ.,* No. 21 Civ. 11175 (AT) (BCM), 2023 WL 2872707, at *8 (S.D.N.Y. Feb. 14, 2023), *report and recommendation adopted,* 2023 WL 2495917 (S.D.N.Y. Mar. 14, 2023) (awarding rate of $225); *Y.S. v. N.Y.C. Dep't of Educ.,* No. 21 Civ. 2159 (RA), 2022 WL 4096071, at *3 (S.D.N.Y. Sept. 6, 2022) (awarding rate of $200). Mindful of Murray's lead role on the more demanding component of this representation—the administrative action—and the success achieved, but also the relatively limited challenge presented by that action, the Court finds a rate towards the higher end of this range appropriate. *See J.G.,* 2024 WL 728626, at *9. The Court finds an hourly rate of $240 reasonable.

### 6.    Paralegals

S.B. seeks an hourly rate of $225 for paralegals Shobna Cuddy, Cailin O'Donnell, and ChinaAnn Reeve. The DOE seeks an hourly rate of $100. Def. Br. at 6.

Shobna Cuddy is the Cuddy Law Firm's senior paralegal and has worked there as a paralegal and office manager since 2007. Cuddy Decl. ¶ 22. O'Donnell has a bachelor's degree and worked as a paralegal with the firm from 2019 to 2022. *Id.* ¶ 23. Reeve has an associate's degree and has worked with the firm since 2021. *Id.* ¶ 24.

S.B.'s proposed hourly rate for the paralegals far exceeds the prevailing rate in this District, as reflected in many recent decisions. Decisions involving the Cuddy Law Firm approved fee awards embodying hourly rates of $100 to $125 for paralegal work. *See, e.g.*, *N.G.*, 2024 WL 133615, at *4 (awarding rates between $100 to $125, depending on each paralegal's experience); *M.Z.*, 2023 WL 2499964, at *5 (awarding rate of $125); *M.D.*, 2023 WL 2557408, at *5 (same). And this case has not presented the difficulties paralegals might face in complex commercial cases that go to trial, which, in conjunction with paralegals' significant experience, have justified awarding $200 rates for paralegals. *Cf. Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 56–57 (S.D.N.Y. 2015). The Court finds a rate of $125 per hour appropriate for Cuddy, O'Donnell, and Reeve's work.

### C.    Reasonable Hours

The Court turns to the number of "hours reasonably expended." *Hensley*, 461 U.S. at 433. To arrive at that number, the Court looks to the "contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). The Court must then exclude "[h]ours that are excessive, redundant, or otherwise unnecessary," and may reduce the number of compensable hours "for vagueness, inconsistencies, and other deficiencies in the billing records." *Id.* (internal quotation marks omitted); *see also R.P. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 4054 (JMF), 2022 WL 1239860, at *5 (S.D.N.Y. Apr. 27, 2022).

"The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011). In determining "the number of hours reasonably expended" to litigate an IDEA case, a district court "has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *H.C.*, 71 F.4th at 126.

### 1.    Administrative Proceedings

The Court begins with the hours attributable to the administrative proceedings before the IHO. The DOE seeks a 50% global reduction, arguing that Cuddy Law Firm engaged in "vague, excessive or otherwise unreasonable billing." Nimmer Decl. ¶ 6. The Court finds that a significant reduction is warranted, although below the amount proposed by the DOE.

In various respects, the Court finds excessive or inadequately explained the hours on which Cuddy Law Firm bases its fee request. First, the DPC consisted of eight pages and largely constituted a chronological recitation of T.B.'s educational history. DPC at 1–3. S.B.'s attorneys billed 18.6 hours drafting the DPC and discussing edits to the same, *see* Cuddy Decl., Ex. 19 at 1–22. Absent an explanation, that amount of time is outsized for a relatively rote task. Considering the hours that courts have found warranted in similar cases for drafting routine DPCs, *see, e.g., L.L. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 2515 (JPO), 2022 WL 392912, at *4 (S.D.N.Y. Feb. 9, 2022), *aff'd sub nom.*, *H.C.*, 71 F.4th 120 (2d Cir. 2023) (reducing Cuddy Law Firm's time working on a nine-page DPC to nine hours); *R.G.*, 2019 WL 4735050, at *4 (reducing Cuddy Law Firm's time spent on drafting a three-page DPC to 1.5 hours), a sizable reduction is warranted here.

Second, Cuddy Law Firm has not justified the 23.9 hours it billed in preparation for the hearing. The hearing involved the entry of documentary evidence, none of which was objected to; the presentation of two witnesses' testimony, primarily by affidavit; 10 transcript pages of live examination of the two witnesses; and opening and closing statements. Although neither party's submissions expressly state the length of the hearing, its length can be inferred from the fact that Erin Murray billed only 1.3 hours for attending the hearing and filing notes afterwards. *See* Cuddy Decl., Ex. 19 at 32. Even assuming that the hearing ran for the full 1.3 hours, Cuddy Law Firm claims (and seeks recompense for) preparation hours that are more than 18 times the length of the hearing. To be sure, it is conceivable that substantial behind-the-scenes hours could have been warranted, for example, had the scope of the hearing been narrowed by agreement or court order shortly before it commenced. But the firm's billing records and memorandum in support of its fees do not explain why it was necessary to devote so much time to preparation given the brevity of the hearing. *See L.L.*, 2022 WL 392912, at *5 (reducing Cuddy Law Firm's time billed for hearing preparation by 50% to "align with the preparation-to-proceeding ratio of between 5:1 and 6:1 in similar cases"); *see also, e.g., F.N.*, 2022 WL 3544128, at *5 (reducing Cuddy Law Firm's time billed in part due to failure to justify the hours billed given "the relatively low complexity of the issues at hand, the brevity of [p]laintiff's written submission [to the IHO], and the short length of the uncontested hearing"); *R.P.*, 2022 WL 1239860, at *5 (reducing Cuddy Law Firm's time billed in part due to the "excessive" hours attributed to "preparation of the initial DPC" and "hearing preparation" when firm could not explain why "the number of hours" were reasonable under the circumstances); *H.C.*, 2021 WL 2471195, at *9 (reducing Cuddy Law Firm's time billed in part due to failure to explain why "tasks that were

administrative and/or secretarial in nature" needed to be completed by attorneys, rather than paralegals).

Third, certain line items in the firm's billing are problematic. Andrew Cuddy, for instance, billed 1.5 hours for "[r]eview[ing] [the] billing statement for accuracy and discretionary reductions," to which Shobna Cuddy added another 2 hours, similarly for "review[ing] [the] case file in preparation for billing statement," and for "forward[ing]" the same to Andrew Cuddy "for detail review and adjustments." Cuddy Decl., Ex. 19 at 36. "DOE should not have to compensate [p]laintiff's counsel for administrative clean-up of their own entries." *R.G.*, 2019 WL 4735050, at \*5; *see also, e.g.*, *M.D. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 9180 (LGS) (KHP), 2022 WL 19406557, at \*7 (S.D.N.Y. Oct. 21, 2022), *report and recommendation adopted*, 2023 WL 2557408 (S.D.N.Y. Mar. 17, 2023) (describing such entries as "unreasonable"). Similarly, several time entries by attorneys are associated with purely clerical tasks that more appropriately should have been billed at a paralegal rate. *See, e.g.*, Cuddy Decl., Ex. 19 at 13 (billing for time spent meeting with paralegal "to review e-files for records of mailings, address updates, [and] returned mail"), 14 (billing for time spent "gathering documents to be included in the disclosure packet"), 21 (billing for time spent instructing paralegal on how to document particular records), 22 (billing for time spent filing the due process complaint and adding dates to calendar), 33 (billing for time spent "[r]eview[ing] the file").

The Court thus agrees with the DOE that a percentage reduction is appropriate "as a practical means of trimming fat." *McDonald v. Pension Plan of the NYSA–ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006). That said, the Court finds a 20% reduction appropriate, well below the 50% sought by DOE. In recent cases of comparable complexity brought by Cuddy Law Firm in this District, courts have reduced Cuddy Law Firm's hours spent on

administrative proceedings by roughly comparable percentages. *See, e.g., J.R.*, 2021 WL 3406370, at *5 (ordering 20% reduction in the hours spent on underlying action due to brevity of the parties' submission, the DOE's cooperation, and the lack of complexity in the matter); *M.D.*, 2021 WL 3030053, at *5 (same); *H.C.*, 2021 WL 2471195, at *8–10 (same). "While counsel of course needed to marshal arguments, exhibits and evidence," such a reduction is appropriate given that "the hours expended by [Cuddy Law Firm] are on the high end for an unchallenged . . . hearing" and given the firm's failure to justify such hours. *M.D.*, 2021 WL 3030053, at *5. The Court thus reduces the firm's hours by 20% for the underlying administrative action.[6]

In sum, given the rates awarded above, the applicable fees are as follows for the administrative proceeding (before the global 20% reduction):

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Andrew Cuddy | $400.00 | 3.50 | $1,400.00 |
| Michael Cuddy | $400.00 | 2.00 | $800.00 |
| Kevin Mendillo | $310.00 | 0.40 | $124.00 |
| Justin Coretti | $300.00 | 1.70 | $510.00 |
| Erin Murray | $240.00 | 64.20 | $15,408.00 |
| *Total attorney fees* | | *71.80* | *$18,242.00* |

| Paralegal | Rate | Hours | Total |
|---|---|---|---|
| Shobna Cuddy | $125.00 | 4.00 | $500.00 |
| Cailin O'Donnell | $125.00 | 5.70 | $712.50 |
| ChinaAnn Reeve | $125.00 | 24.20 | $3,025.00 |
| *Total paralegal fees* | | *33.90* | *$4,237.50* |

---

[6] S.B. argues that any reduction would be inappropriate because the DOE unreasonably protracted the final resolution of the underlying administrative action. Pl. Br. at 10–11. That is unpersuasive. Although the DOE conceivably could have been more responsive, S.B. has not shown that "any protraction on the DOE's part" rose "to the level of being unreasonable." *H.C.*, 2021 WL 2471195, at *8 (internal quotation marks omitted); *see also S.J. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 1922 (LGS), 2021 WL 100501, at *4 (S.D.N.Y. Jan. 12, 2021) (rejecting similar argument by Cuddy Law Firm that the DOE representative was unresponsive, causing significant delays in the administrative proceedings). And any such lapse on DOE's part did not occasion the infirmities in the law firm's claimed hours.

These fees add up to $22,479.50.  After a global 20% reduction in each timekeeper's hours, S.B. is entitled to fees totaling $17,983.60 for litigating the underlying administrative action.

S.B. also seeks $145.35 in costs attributable to postage ($43.85), and printing ($101.50, billed at $0.50 per page).  Cuddy Decl., Ex. 19 at 1.  The Court finds $0.50 per page for printing excessive, and the rate should be reduced to $0.10 per page, *R.P.*, 2022 WL 1239860, at *7.  As such, S.B. is entitled to $43.85 for postage and $20.30 for printing—that is, $64.15 in total.

Taking fees and costs together for the underlying administrative action, S.B. is entitled to an award of $18,047.75.

### 2.    This Action

The Court next turns to the hours attributable to this action.  S.B. requests compensation for 21 hours of work in connection with this fee application, totaling $19,509.50.  Cuddy Reply Decl. ¶ 15.  The DOE seeks an 80% reduction on the ground that Cuddy Law Firm excessively billed for basic tasks and "copy and paste work," and improperly sought compensation for activities after the settlement offer from DOE that the firm ignored.  Nimmer Surreply Decl. ¶ 5.

The Court finds a reduction is warranted, but not in the amount suggested by the DOE. To begin, the Court agrees that no fees should be awarded for costs or work performed after August 9, 2023, when the DOE made a written offer of settlement to S.B. in the amount of $20,500.  Moraru Decl. ¶ 21.  Under the IDEA, a court may not award attorneys' fees and related costs "subsequent to the time of a written offer of settlement to a parent if" the court "finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." 20 U.S.C. § 1415(i)(3)(d)(i).

That is the case here, as the total reasonable fees and costs to which S.B. was entitled as of August 9, 2023, were, as discussed below, lower than the DOE's settlement offer. *See R.P.*,

2022 WL 1239860, at *6–7 (declining to award fees or costs incurred after date of DOE's written offer because plaintiffs were entitled to less in fees and costs); *H.C.*, 2021 WL 2471195, at *10 (same); *O.R. v. N.Y.C. Dep't of Educ.*, 340 F. Supp. 3d 357, 371 (S.D.N.Y. 2018) (same).

With respect to the hours that S.B. lists for the period before August 9, 2023—5.3 hours in total—the Court concludes that a 25% reduction is warranted. First, as the DOE notes, Cuddy Law Firm billed 1.8 hours of attorney time to draft a six-page Complaint, *see* Moraru Decl. ¶ 7, but the Complaint overwhelmingly consists of boilerplate language identical to complaints submitted by the firm in other cases in recent years, *see, e.g., J.R.*, 2021 WL 3406370, ECF No. 1; *V.W.*, 2022 WL 37052, ECF No. 1, and which a paralegal could have copied and pasted in lesser time. Second, the billing statement reflects in other respects the firm's failure reasonably to prioritize its resources. Andrew Cuddy, the firm's most senior attorney, billed 0.2 hours (*i.e.*, 12 minutes) for reviewing a two-page billing statement "for accuracy and discretionary reductions," to which Shobna Cuddy added another 0.2 hours for reviewing the "updated" statement, and forwarding the same to Kevin Mendillo. Cuddy Decl., Ex. 20 at 2. For his part, Mendillo billed 0.3 hours (*i.e.*, 18 minutes) to "[r]eview[ing] ECF notifications regarding [the] assignment of judge and magistrate judge" and "reviewing judge's individual rules." *Id.* Such fees should not be borne by DOE. *See, e.g., M.D.*, 2022 WL 19406557 at *9; *R.G.*, 2019 WL 4735050, at *5.

Recent cases in this District have reduced the hours that Cuddy Law Firm spent litigating attorneys' fees between 25 to 50 percent. *See, e.g., R.G.*, 2019 WL 4735050, at *5 (reducing Cuddy Law Firm's hours spent litigating attorneys' fees by approximately 26% because the brief "discusse[d] no novel questions and contain[ed] approximately five pages [out of 30] of boilerplate language"); *J.R.*, 2021 WL 3406370, at *6 (reducing Cuddy Law Firm's claimed

hours by 25% for its straightforward motion to award attorneys' fees); *M.D.*, 2021 WL 3030053, at *6 (reducing Cuddy Law Firm's 76.2 hours spent on federal court litigation by 50% due to "low degree of complexity"); *L.L.*, 2022 WL 392912, at *5 (reducing Cuddy Law Firm's hours spent on a similar summary judgment motion by roughly half). The Court finds a 25% reduction appropriate here, although it would have imposed a higher reduction had the firm's billing (for purposes of this opinion) not been limited to the period before August 9, 2023. *See, e.g.*, *M.D.*, 2021 WL 3030053, at *6 (50% reduction where 76.2 hours billed); *L.L.*, 2022 WL 392912, at *5 (50% reduction where 60.9 hours billed).

As of August 9, 2023, the firm's billing for the fee action was as follows (before the 25% global reduction):

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Andrew Cuddy | $400.00 | 0.40 | $160.00 |
| Kevin Mendillo | $310.00 | 2.20 | $682.00 |
| Kenneth Bush | $225.00 | 1.60 | $360.00 |
| *Total attorney fees* | | *4.20* | *$1,202.00* |

| Paralegal | Rate | Hours | Total |
|---|---|---|---|
| Shobna Cuddy | $125.00 | 0.40 | $50.00 |
| Cailin O'Donnell | $125.00 | 0.70 | $87.50 |
| *Total paralegal fees* | | *1.10* | *$137.50* |

These figures are taken from Cuddy Decl., Ex. 20, with each attorney and paralegal's rate calculated pursuant to the Court's discussion above. These fees add up to $1,339.50. After taking the 25% reduction, S.B. is entitled to fees totaling $1,004.63 for the firm's work before receipt of the DOE's settlement offer. As to costs, S.B. is also entitled to the federal filing fee of $402, which was incurred prior to August 9, 2023. The fees and costs thus total $1,406.63.

Before the settlement offer, then, S.B. was entitled to an aggregate $19,454.38 in fees and costs across the two actions—a figure below the $20,500 offered by the DOE. As such, S.B. is not entitled to fees and costs "subsequent to the time of [the] written offer of settlement" given

that "the relief finally obtained" was "not more favorable . . . than the offer of settlement." 20

U.S.C. § 1415(i)(3)(d)(i); *see also, e.g.*, *R.P.*, 2022 WL 1239860, at *6–7 (in case litigated by

Cuddy Law Firm, declining to award any fees or costs incurred after the date of DOE's written

offer because the plaintiffs were entitled to less in fees and costs); *H.C.*, 2021 WL 2471195, at

*10 (same); *O.R.*, 340 F. Supp. 3d at 371 (same).[7]  S.B. is thus entitled to an award of

$19,454.38.

### D.    Post-Judgment Interest

"Pursuant to 28 U.S.C. § 1961, the award of post-judgment interest is mandatory on

awards in civil cases as of the date judgment is entered." *True-Art Sign Co. v. Local 137 Sheet

Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (internal quotation marks omitted).

Accordingly, S.B.'s request for post-judgment interest is granted.

### CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part S.B.'s motion for

attorneys' fees.  S.B. is awarded $19,454.38 in fees and costs, plus post-judgment interest at the

---

[7] In its reply brief, S.B. asserts she was "substantially justified" in rejecting the DOE's offer, such that the fee cap ought not apply in her case. Pl. Reply Br. at 10. But S.B. does not offer a plausible reason for rejecting the DOE's offer.  She says that the offers "fell below the low end of what courts have awarded," *id.*, but that claim is factually incorrect. Here, the Court has found Cuddy Law Firm is entitled to $18,047.75 in fees for the administrative action—that is, approximately 50% of the total fee demand it made to the DOE ($35,775.35). *See* Hillman Decl. ¶ 9.  Courts in this District have routinely cut Cuddy Law Firm's fees by as much as or more than 50%. *See, e.g.*, *M.R. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 5503 (VEC), 2022 WL 4396835, at *3 (S.D.N.Y. Sept. 23, 2022), *on reconsideration*, 2022 WL 16575767 (S.D.N.Y. Oct. 31, 2022) (awarding Cuddy Law Firm 39% of its requested fees for the underlying administrative action); *R.P.*, 2022 WL 1239860, at *1, *6 (awarding Cuddy Law Firm 48% of its requested fees for the underlying administrative action); *D.P. v. N.Y.C. Dep't of Educ.*, No. 21 Civ 27 (KPF), 2022 WL 103536, at *15 (S.D.N.Y. Jan. 10, 2022), *aff'd sub nom.*, *H.C.*, 71 F.4th 120 (2d Cir. 2023) (awarding Cuddy Law Firm 47% of its requested fees for the underlying administrative action).  Cuddy Law Firm thus cannot plausibly claim to be surprised at the fees awarded here.

applicable statutory rate.  The Clerk of Court is respectfully directed to enter judgment, to
terminate all pending motions, and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: April 2, 2024
       New York, New York